IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) Case No. 09-33561 |
| GARY K. ECKARD, | ) Chapter 11 |
| JULIE ECKARD, | ) Judge: Bruce W. Black |
| Debtors. | ) Hearing: ~~Oct. 30, 2009 at 1:15 pm~~ |

### FINAL ORDER: (I) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. §363; (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED PARTY

The Motion brought by Gary K. Eckard and Julie Eckard ("Debtors"), to (i) authorize Debtors to utilize cash collateral, (ii) grant adequate protection and (iii) schedule a final hearing (hereinafter the "Motion"), having come on for hearing before this Bankruptcy Court on December 2, 2009 at 10:30 a.m. with notice thereof having been given in accordance with Rule 4001 (c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to: (1) Bank Financial, F.S.B. ("Bank"), (2) JPMorgan Chase ("Chase"), (3) First Midwest Bank ("Midwest"), (4) NorStates Bank ("Norstates") (collectively "Mortgagees") (as such terms are defined below) and all other known secured creditors of the Debtor; (2) the United States Trustee; (3) the Official Committee of Unsecured Creditor (the "Committee"), or if no Committee has been appointed, the consolidated list of the 20 largest unsecured creditors of the Debtors; and (4) all other parties entitled to notice; and, in view of the urgency of the relief requested, no further notice of the request for the relief granted in this Interim Order required; and certain of those creditors and parties its interest having made appearances on their own behalf and/or through counsel, and having expressed their opinions on the Motion; and the Court having examined the Motion and, based upon the testimony at the hearing on this matter, the pleadings on file herein, and the

1

arguments of counsel at the hearing.

THE DEBTORS AND BANK MAKE THE FOLLOWING STIPULATIONS:

1. On September 10, 2009 (the "Petition Date"), the Debtor filed its Voluntary Petition seeking relief pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, ("the Code").

2. Prior to the Petition Date, JPMorgan Chase, N.A. filed a first mortgage and assignment of rents on February 6, 2007 with the Recorder of Deeds of Lake County, Illinois to the 18 unit rental property commonly known as 126 N. Genesee, Waukegan, County of Lake, Illinois 60087 ("Genesee Property") against the Debtors.

3. The Debtors have an immediate need to use cash collateral (within the meaning of 11 U.S.C. § 363) of the Mortgagees' (including the proceeds, products, rents and profits of and from the Pre-Petition Collateral, the Mortgagees' Cash Collateral) to fund the Debtors' Property operations during the pendency of this Chapter 11 case.

4. The Debtors seek approval of this Interim Order ("Interim Order") to govern the Debtors' use of the Mortgagees' Cash Collateral, pending a Final Hearing (as defined below).

5. This Court has jurisdiction as to this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(M). The statutory predicates for the relief sought by the Debtor are Sections 105, 361 and 363 of the Code, and F.R.Bankr.P. 4001.

6. Pursuant to the Bankruptcy Code, the Debtors are required to provide adequate protection to the Mortgagees in respect of the Debtors' use of the Mortgagees' Cash Collateral. The treatment requested by the Debtors for the Mortgagees, and provided by this Interim Order, will minimize disputes and litigation over collateral values, priming, and use of cash collateral.

7. Good cause has been shown for the entry of this Interim Order. Among other things, entry of this Interim Order will minimize disruption of the Debtors' businesses and Property operations and permit it to meet maintenance, servicing and other operating expenses.

8. The terms of the financing and adequate protection arrangements authorized hereunder are fair and reasonable under the circumstances, reflect the Debtors' exercise of prudent business judgment consistent with its fiduciary duties and is supported by reasonably equivalent value and fair consideration.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

A. The Motion is hereby granted as to JPMorgan Chase, N.A. ("Chase") subject to the terms and condition hereinafter set forth.

B. Good and sufficient notice of the Motion's request for approval of the use of the Mortgagees' Cash Collateral and the other relief requested therein has been provided in accordance with, *inter alia*, Sections 102(1) and 363 of the Bankruptcy Code, and Rules 2002 and 4001(c) of the Bankruptcy Rules, and any requirement for other and further notice shall be, and it hereby is, dispensed with and waived.

C. The Mortgagees are entitled, pursuant to Sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of its interest in the Pre-Petition Collateral, including the Mortgagees' Cash Collateral, for and equal in amount to the aggregate diminution in value of the Mortgagees' interests in the Pre-Petition Collateral, including, without limitation, any such diminution resulting from (i) the sale, lease or use by the Debtors (or other decline in value) of the Mortgagees' Cash Collateral and any other Pre-Petition Collateral and (ii) the imposition of the automatic stay pursuant to Section 362 of the Code (the "Cash Collateral Claim").

D.  As adequate protection, the Mortgagees shall have and are hereby granted (without the necessity of the execution by the Debtors, or filing, of additional mortgages), in accordance with Section 361(2), Section 363(e) and Section 507(b) of the Bankruptcy Code: (1) valid, choate, binding, enforceable and perfected first priority replacement liens and mortgages (collectively, "Post-Petition Liens") in and to assets of the Debtors' estates (i.e., both pre-petition and post-petition assets)(collectively, the "Post-Petition Collateral") to the extent of the Mortgagees' pre-petition liens. The pre-petition mortgage of Chase shall remain in full force and effect.

E.  The Debtors are authorized to pay from cash collateral their post-petition ordinary and necessary personal living expenses and business expenses for the Genesee Property.

F.  The Debtors are authorized and directed to pay Chase monthly beginning in October of 2009 and each month thereafter monthly adequate protection payments equaling their monthly mortgage payments as follows:

1.  JPMorgan Chase $6,480.46 for 126 N. Genesee, Waukegan, Illinois;

G.  This is a final cash collateral order with respect JPMorgan Chase, N.A. and the real property commonly known as 126 N. Genesee, Waukegan, Illinois.

Dated: 2 DEC 2009

ENTER:
_____
Bankruptcy Judge

Prepared by:
John H. Redfield, Esq.
John H. Redfield & Associates, P.C.
North Barrington, IL 60010
847-382-1220; 847-382-1225 facsimile
ARDC: 2298090

4